McKinney, J.
delivered the opinion of the court.
This is an indictment for obtaining money by false pretences, under the act of 1842, ch. 48. The defendant was found guilty upon the second and third counts of the indictment, and a motion for a new trial, and also in arrest of judgment being overruled, he appealed in error to this court-
The principal error, supposed by the counsel for the prisoner to exist in this case, is in the admission of evidence of the obtainment of other personal goods, not charged in the indictment; and' which, in fact, were obtained at a dilferent timé .from that to which the charge in the indictment refers; • The proof in the case — so far as material to be noticed, in the determination of this point — shows that Phipps, the prosecutor, who was a young man and a stranger, returning from a visit to Virginia, to his residence *39 in Alabama, was overtaken by tbe prisoner, and a confederate, of tbe name of Simpson, wbo was falsely represented to be a constable, on tbe fourteenth day of November, 1845, between tbe residence' of the prisoner and Kingston, and within a fewmiles of .the latter place; and that by means of the false pretences set forth in the indictment, and various other most atrocious falsehoods and artifices, the prisoner obtained from said Phipps his horse, saddle, bridle, and saddle-bags, various articles of clothing, and $55 00, in good bank notes, leaving him nothing but the apparel he had on, and $5 37k in money. The prisoner, having obtained the money and property of said Phipps, proposed to accompany him on his journey as far as Kingston, and they set out about 12 o’clock at night, and reached the latter place about daylight. At the bank of the river, near Kingston, they separated, and Phipps pursued his journey. After going about the distance of fifteen miles the prisoner again overtook him, and charged him with stealing an old over coat which he had on — the prisoner having taken from him his own overcoat, which was a good one. The prisoner took him aside and required him to give up^his hat in exchange for one that was of no value, and also four dollars in money, leaving him with but one dollar and thirty-seven cents. To so much of the foregoing evidence as relates to articles of property, other than the bank notes in the indictment specified, and also to so much thereof as refers to the subsequent transaction, on the next morning, the prisoner, by his counsel, objected, but the objection was overruled and the evidence admitted to the jury. .And the question for our determination is, was this error?
It is not to be controverted, as a .general rule,. that the evidence must be confined to the point in issue, and that no evidence can be admitted which does not tend to prove *40 or disprove the issue joined; and in criminal proceedings the necessity of enforcing this rule is stronger than in civil cases. The facts proved, should be strictly relevant to the particular charge, and have no reference to any conduct of the prisoner unconnected with such charge. _ 2 Russ. 772. But this rule has its qualifications, equally well established as the rule itself, upon principle and authority. It is correctly remarked by an intelligent and accurate writer on the law of evidence, that “the affairs qi men often consist of a complication of circumstances, so intimately .interwoven, as to be scarcely separable from each other; a knowledge of all which is essential, in order to a right understanding of the particular subject of investigation. These surrounding circumstances, constituting parts of the res gestee, may always be shown to the jury along with the principal facts;, and their admissibility is to be determined by the Judge according to the degree of their relation to that fact, in the exercise of his sound discretion.” V Green-leaf, vol. 1, sec. 108.
In the case of The King vs. Ellis, the prisoner was a shopman, and was indicted for stealing six shillings out of a till in the áhop; evidence of other acts of the prisoner, in going to the till and taking money, was proposed to be given to the jury, which was objected to, but the Judge overruled the objection. And the court of K. B., on application for a rule for staying the judgment, on the ground that the prosecutor ought to have been confined, ■in the proof, to one felony, held that, it was in the discretion of the Judge to confine the prosecutor to the proof of one felony, or to allow him to give evidence of other acts which were all part of one entire transaction. & B. & C., 145. It is laid down in 2 Russ, on Or. 775. that where several felonies are all parts of the same transaction, evidence of *41 all is admissible upon the trial of an indictment for any of them; and numerous cases are cited in proof of the proposition. And it is held to be the law now — though formerly held otherwise — that if there be separate indictments for offences which constituted parts of the same transaction, it is in the discretion of the court to admit evidence of the subject matter of one indictment upon the trial of another, and it is said by a learned Judge, that such discretion will be guided by the evidence appearing to be necessary or unnecessary in support of the indictment upon which the prisoner is on trial. Ib. 778. In the same authority it is laid down, that, if it be material to show the intent with which the act charged was done, evidence may be given of a distinct offence, not laid in the indictment; as in a case of robbery, where the prisoners went with a mob to the house of the prosecutor, and one o»f. the mob, with a good intention, apparently, advised him to- give > them somelhing to get rid of them and prevent mischief, upon which the prosecutor gave them the money laid in the indictment; it was held, that for the purpose of showing' that this was not bona fide advice, but. in reality a mere mode of robbing the prosecutor, evidence was admissible of other demands of money made by the same mob at other houses, before and after the particular transaction at the prosecutor’s house, but in the course of the same day, and when any of the prisoners were present. 4 C. & P., 444. So upon an indictment for robbing the prosecutor of his coat, the robbery having been committed by the prisoner threatening to charge the prosecutor with an unnatural crime, Holroyd, J. received evidence of a second ineffectual attempt to obtain money the following evening, by similar threats; and, upon a case reserved, the Judges were of opinion that the evidence was admissible to show that the *42 prisoner was guilty of the former transaction. Russ, and Ry,. 375.' .
The'vibrfegoing authorities very fully and clearly show that the ‘ evidence objected to in this case, as well that w.hich' relates more immediately to the charge laid in the indictmentf as that which referred to the subsequent occur, reirpe on the next morning, was properly admitted to the jury. ^ ^
'2.' It-is insisted that there is no proof of more than one of the “false pretences” laid in the indictment; and that this “pretence” is not sufficiently-negatived in the indictment.
^Without undertaking to decide whether or not the proof sufficiently establishes all the several false pretences stated in the indictment, it is enough to say in answer to this objection, that it is not required by law that all should be proved. A single pretence, proved as laid, though joined with others, is sufficient to support the indictment. Russ, and Ry., 190; 2 M. and S., 379. The pretences laid in the indictment, we think, are all sufficiently negatived. The negation is according to the forms found in the books of criminal pleading. And it is not held necessary, in express terms, as-argued, to aver that the pretences were “false.” 2 East. R., 30; Starkie’s Cr. PL, 105.
3. It is objected, that the indictment does not aver that -the money .obtained by the prisoner was the property of the prosecutor; and that from the proof it is uncertain whether the money belonged to him or to his uncle in Alabama.
The averment, in this respect, is in the language of the statute, and in accordance with the precedents in such cases. As it regards the proof, the prosecutor being in possession of the money, prima facie, he was owner thereof; but admitting that he had it in his possession as bailee or *43 trustee of bis uncle in Alabama, upon this proof the offence created by the statute would .be as well made -oui, and the, indictment alike supported, as if be had been, the absolute owner. . ’ ?
Upon the whole, we think there is no error in this record, and the judgment of the Circuit Court will be. affirmed.